484 So.2d 1015 (1986)
Dorothy B. OLSON
v.
Jeri Olson FLINN.
No. 56526.
Supreme Court of Mississippi.
February 26, 1986.
*1016 William Larry Latham, Mark A. Chinn, Jackson, for appellant.
Everette Truly, Bruce M. Kuehnle, Jr., Adams, Forman, Truly, Ward, Smith & Bramlette, Natchez, for appellee.
Before PATTERSON, C.J., and HAWKINS and PRATHER, JJ.
PRATHER, Justice, for the Court:
This case requires an interpretation of the recently enacted Grandparents' Visitation Rights statutes contained in Miss. Code Ann. § 93-16-1 through § 93-16-7 (Supp. 1985). The specific issue involved is whether the subsequent adoption of a child by a stepfather terminates the rights of a grandparent who has previously petitioned the chancery court seeking visitation rights under Miss. Code Ann. § 93-16-3 (Supp. 1985).

I.
The facts in this case are not in dispute. The natural parents of John Jeffrey Olson were divorced in January of 1981, when the child was only ten months old. John's mother, Jeri Olson, was given custody of the child, but John visited often with his father and his paternal grandmother. In February of 1982, Jeri Olson moved from Jackson to Natchez with John. Later, in August of 1982, John's natural father was killed in an automobile accident. Jeri Olson subsequently married Mr. Buck Flinn in December of 1982.
After the marriage of Mrs. Olson to Mr. Flinn, the visitation privileges of John's paternal grandmother, Dorothy Olson, were curtailed and eventually cut off. Mrs. Olson petitioned the Chancery Court of Adams County on April 2, 1984, seeking visitation rights pursuant to Miss. Code Ann. § 93-16-3 (Supp. 1985). Before Mrs. Olson's petition was acted upon, however, John was legally adopted by Buck Flinn through a decree dated April 23, 1984, and his name was changed to John Jeffrey Olson Flinn.
Mrs. Flinn then moved to dismiss Mrs. Olson's petition for visitation on the grounds that under Miss. Code Ann. § 93-16-7 Mrs. Olson had no right to seek grandparent visitation because of the adoption.
The chancellor agreed that section 93-16-7 barred Mrs. Olson's rights and her case was dismissed. Mrs. Olson now appeals and assigns as error the following:
The Chancery Court of Adams County, Mississippi erred in dismissing a complaint for grandparent visitation on the ground the child had been adopted, because the complaint for visitation was filed before the adoption proceeding was begun. It is the grandmother's position that the statute does not bar a complaint for grandparent visitation where the complaint for visitation by the grandparent precedes the adoption proceeding.
There are two questions to be answered on this appeal:
*1017 (1) Does the adoption of a child terminate the grandparents' legal rights to visitation under Miss. Code Ann. § 93-16-3?
(2) What role does the order of filing play?

II.
Does the adoption of a child terminate the grandparents' legal rights to visitation under § 93-16-3?
Under common law principles, there were no legal rights of grandparents for visitation privileges with their grandchildren where the parents did not permit such communication. 59 Am.Jur.2d Parent and Child § 92 (1971); 90 Annot., A.L.R.3d 222. The rationale of the common law rule rested upon the premise that proper parental authority should rest with parents and that a child's best interest would not be served by placing a child in the midst of a conflict of authority. Decisions from this jurisdiction have fostered that principle. See Naveda v. Ahumada, 381 So.2d 147 (Miss. 1980) (Where custody of a child has been awarded to a fit parent, grandparents and third persons are not entitled to visitation privileges.) However, in recent years throughout the United States, legislation has granted to grandparents certain legal rights of visitation.
In Mississippi, the Grandparents' Visitation Rights statutes became effective in 1983 allowing grandparents limited visitation rights. Miss. Code Ann. § 93-16-3 (Supp. 1985) reads:
Whenever a court of this state enters a decree or order terminating the parental rights of one (1) of the parents of a minor child, or whenever one (1) of the parents of a minor child dies, either parent of the child's parent whose parental rights have been terminated or who has died may, but not sooner than one hundred twenty (120) days after entry of such decree or order or after the death of the parent, petition the court in which the decree or order was rendered or, in the case of the death of a parent, petition the chancery court in the county in which the child resides, and seek visitation rights with such child.
Of equal importance to the establishment of this legal right is a limitation placed upon it by the same chapter. The visitation rights of grandparents are limited by Miss. Code Ann. § 93-16-7 (Supp. 1985), which reads:
This chapter shall not apply to the granting of visitation rights to the natural grandparents of any child who has been adopted by order or decree of any court. This chapter shall apply to persons who become grandparents of a child by virtue of adoption.
Thus, legislation has established legal rights of visitation to grandparents so long as the child remains unadopted; however, the adoption of a child terminates the natural grandparents' legal rights to visitation, except as to grandparents of the natural parent who is the spouse of the adopting parent.
A less harsh and more restricted interpretation might be that § 93-16-7 applies only to cases in which a child is adopted by two adoptive parents instead of by one stepparent. Such an interpretation might involve an orphan or a child who is given up for adoption at birth. But the statute does not permit such an interpretation except for this Court to write into the statute language that is not present.
The interpretation given here by this Court is strengthened by the fact that the same statutory section, § 93-16-7, grants legal visitation rights to the new adoptive grandparents, and places adoptive grandparents in the same status as the natural grandparents as to visitation rights. An interpretation granting visitation to both natural and adoptive grandparents would require a Soloman decision of our chancellors in dividing a child between parents, natural grandparents, and adoptive grandparents.
Analogous to this consideration is a comparison of Mississippi's adoption statute which terminates rights of inheritance by the natural kindred of an adopted child. Miss. Code Ann. § 93-17-13(d) (1972).
*1018 In this Court's opinion, the Mississippi Legislature, by enacting Miss. Code Ann. § 93-16-7 (Supp. 1985), has decided where the best interests of the child lies. That is, the best interests lie in the termination of the natural grandparents' visitation rights upon adoption.
"The policy which dictates this apparently harsh result is well established. The entire body of law pertaining to adoption harmonizes in order to place an adopted child in the shoes of a natural child in all legal respects, failing only to alter the biological makeup of the child." Faust v. Messinger, 497 A.2d 1351, 1353 (Pa. Super. Ct. 1985).
This Court, therefore, holds that under the statutes in question an adoption by a step parent after the death of one of the natural parents terminates visitation rights of those natural grandparents, except as to the natural parent who is the spouse of the adopting parent.
This holding relates to court ordered visitation. This Court recognizes that there are natural emotions and feelings which have already bonded in this relationship of grandparent and grandchild. Any person who has known the love and companionship of an affectionate grandparent, or who as a grandparent has had the joy of a grandchild cannot comprehend separation and termination of that relationship and detachment. The child's perspective in this circumstance is of primary importance regarding its best interest. Notwithstanding this holding regarding court ordered visitation, the Court encourages visitation on a voluntary basis.

III.
What role does the order of filing play?
Appellant calls attention to the phrase "has been adopted" in Miss. Code Ann. § 93-16-7 and claims that in the present case the child had not been adopted when appellant's petition for visitation was filed. Therefore, appellant claims Miss. Code Ann. § 93-16-7 does not apply to her.
This Court strictly and literally interprets this statutory language of "has been adopted" to mean has been adopted at any time prior to establishment by a court order legal right to visitation. It is noted that this grandparent did not have a court ordered right of visitation and was not entitled to notice of the subsequently filed adoption under Miss. Code Ann. § 93-17-5. This Court is not presented here with the question of due process rights to notice of the termination of a court ordered visitation right when an adoption is sought, nor does this Court address that issue.
This Court affirms the chancellor's dismissal of appellant's complaint.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.