551 So.2d 904 (1989)
Morris Devon HOWELL and Helen A. Howell
v.
Deborah Ann ROGERS and Timothy S. Rogers.
No. 07-58775.
Supreme Court of Mississippi.
October 18, 1989.
*905 William N. Patterson, Sharon Patterson Thibodeaux, Patterson & Thibodeaux, Jackson, for appellant.
Steve Chance, Marble & Chance, Jackson, for appellee.
Before DAN M. LEE, P.J., and PITTMAN and BLASS, JJ.
BLASS, Justice, for the Court:
This decision addresses an appeal from a judgment entered in the Chancery Court of the First Judicial District of Hinds County, Mississippi, which dismissed the appellants' complaint seeking grandparents' visitation rights.
The Grandparents' Visitation Rights Statutes, appearing in Mississippi Code Annotated §§ 93-16-1 through 93-16-7 (Supp. 1988) (approved April 1, 1986), must be examined to determine whether or not the grandparents have standing to seek visitation in this case. The central issue to be resolved is whether the adoption of a child by the spouse of one of its natural parents terminates the rights of its grandparents on the side of the other natural parent.

I.

FACTS
The appellants, Helen A. Howell and Morris Devon Howell, are the paternal grandmother and step-grandfather of Chance Fielding Rogers. The natural parents of Chance Rogers were divorced on May 13, 1983, and custody of Chance was awarded to his natural mother. The natural mother and step-father adopted Chance, and subsequent to the adoption, the natural father died in December of 1986.
On May 28, 1987, the paternal grandparents filed their complaint for visitation, and the trial was held on October 12, 1987. The chancery court ruled that under the Grandparents' Visitation Rights Statutes, § 93-16-1, et seq. (1972), the grandparents had no standing to seek visitation with the child. The chancery court reached its decision under authority of Olson v. Flinn, 484 So.2d 1015 (Miss. 1986). The Court reasoned that Olson required dismissal in that grandparent visitation could not be ordered in such case, but rather such visitation should be voluntary.

II.

DOES THE ADOPTION OF A CHILD TERMINATE THE GRANDPARENTS' LEGAL RIGHTS TO VISITATION UNDER § 93-16-3?
The case of Olson v. Flinn, 484 So.2d at 1017, held that an adoption by a step-parent after the death of one of the natural parents operated to terminate visitation rights of the natural grandparents except as to the natural parent who is the spouse of the adopting parents. In so holding, the Olson Court relied upon Miss. Code Ann. §§ 93-16-3 and 93-16-7 (Supp. 1985). Olson, 484 So.2d at 1017.
The Court in Olson was of the opinion that the legislature, by enacting § 93-16-7, Miss. Code Ann. (Supp. 1985), decided that the best interests of the child lay in the termination of the natural grandparents' visitation rights upon adoption. The Court recognized the harshness of its holding, which was dictated by the statute, and encouraged visitation on a voluntary basis. Id.
In response to Olson, the legislature amended § 93-16-3 to provide:
Whenever a court of this state enters a decree or order awarding custody of a minor child to one (1) of the parents of the child, or terminating the parental rights of one (1) of the parents of the minor child, or whenever one (1) of the parents of a minor child dies, either parent of the child's parent who was not awarded custody, or whose parental rights have been terminated or who has died, may petition the court in which the decree or order was rendered or, in the case of the death of a parent, petition the chancery court in the county in which the child resides, and seek visitation rights of such child. (emphasis added).
*906 Miss.Code § 93-16-3 (Supp. 1988) (approved April 1, 1986).
Section 93-16-7 (Supp. 1985) was recognized by the Olson Court as a limitation upon the visitation rights of grandparents, and the legislature amended this section as well to provide:
This chapter shall not apply to the granting of visitation rights to the natural grandparents of any child who has been adopted by order or decree of any court unless one (1) of the legal parents of such child is also a natural parent of such child. This chapter shall apply to persons who become grandparents of a child by virtue of adoption. (emphasis added).
Miss. Code Ann. § 93-16-7 (Supp. 1988) (approved April 1, 1986).
This Court holds that under § 93-16-3 and § 93-16-7, as amended, an adoption by a step-parent after the termination of parental rights of one of natural parents does not terminate the visitation rights of the natural grandparents, parents of such parent whose rights have been terminated. Therefore, the natural paternal grandparents have standing to seek visitation, and the Chancery Court's order dismissing the appellants' complaint is reversed. This case is remanded for proceedings consistent with this opinion to determine whether the best interest of the child lies in such visitation.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and PITTMAN, JJ., concur.