558 So.2d 854 (1990)
In the MATTER OF the ADOPTION OF A MINOR identified in the petition.
Carlson HILL and Wife, Patsy Jane Hill
v.
Paul Larry SMITH and Wife, Eva Jean Smith, and Sheryl Lynn Hill, and Eva Jean Smith, Next Friends of the Minor.
No. 07-CA-58992.
Supreme Court of Mississippi.
March 14, 1990.
Joseph A. Kieronski, Jr., Daniel P. Self, Jr., Self & Jacob, Meridian, for appellants.
Raynold Lee Willett, Laurel, for appellees.
*855 Before HAWKINS, P.J., and ANDERSON and BLASS, JJ.
HAWKINS, Presiding Justice, for the Court:
Carlson Hill and wife Patsy Jane Hill appeal from a summary judgment dismissal of their petition to set aside a decree of adoption, and for visitation rights with their grandchild. Because the Hills have no statutory visitation rights, we affirm. Even though the Hills lack standing, we also express our concern over the adoption proceeding.

FACTS
Carlson E. Hill and Patsy Jane Hill were the parents of Brian Carlson Hill. Paul Larry Smith and wife Eva Jean Smith are the parents of Sheryl Lynn Smith Hill.
Brian and Sheryl Lynn married, and a child was born of their marriage March 10, 1985. Brian and Sheryl Lynn lived next door to her parents, Mr. and Mrs. Smith. Sheryl Lynn was sixteen.
On June 5, 1985, Brian (according to Appellee's brief) chased Sheryl Lynn into the Smith's yard with a shotgun, threatening to kill her. Paul Larry Smith shot and killed Brian.
Sheryl Lynn was the beneficiary of a $15,000 life insurance policy on Brian's life. Mrs. Smith was appointed guardian of her daughter in July 1985, to collect the insurance.
On December 20, 1985, Mr. and Mrs. Smith filed a petition in the chancery court of the Second Judicial District of Jones County to adopt the child. On the same date Sheryl Lynn waived service of process and consented to the adoption. Also on the same date a decree of adoption was entered by the chancery court giving Mr. and Mrs. Smith all paternal rights as though the child were their own natural child.
Mr. and Mrs. Hill were not made parties to the adoption petition or proceeding, and apparently knew nothing about it until some time later. On June 4, 1986, the Hills filed a petition to set aside the adoption because they had not been named parties. The petition was amended on June 18, 1987, for the court to grant them visitation rights. The Hills also alleged the waiver of process was ineffective because it was executed and filed the same date as the petition.
The chancery court sustained the Smiths' motion for summary judgment. The chancellor did express some concern over Miss. Code Ann. § 93-16-7 (effective April 1, 1986):
5. The Court has some reservation concerning the grandparents' request for visitation rights with the adopted child.
6. Chapter 16 of Title 93, Mississippi Code of 1972, titled "Grandparents' Visitation Rights" for the first time afforded grandparents' visitation rights under Mississippi law.
7. One of the parents, the petitioner's son, was deceased at the time the adoption proceeding was filed. Under Section 93-16-3, the petitioners in this cause were vested with the right to petition for visitation rights. Prior to the filing any petition, the child was adopted to the other set of grandparents, with no notice to the plaintiffs in this cause. The adoption proceeded to final judgment as provided by the adoption statutes.
8. Section 93-16-7 then came into effect, thereby statutorily divesting the plaintiffs of their right to petition for visitation rights. This Court is concerned that such an abrogation of the right to sue without notice may be unconstitutional. Having no precedent upon which to make a finding, however, the Court is extremely hesitant to declare the statute unconstitutional and proceed with a hearing, especially considering the effect it may have upon the parties and the child, without first having a final determination by the Supreme Court on the validity of the statute. If valid, a hearing would be moot.
9. Having these issues in mind, the Court sustains the motion for summary judgment and dismisses the petition *856 and complaint of the plaintiffs with prejudice.
The Hills have appealed.

LAW
There are two methods whereby all parental rights of the natural parents may be terminated. The first is by a decree of adoption. Proceedings for adoption were unknown at common law, are purely statutory. Brassiell v. Brassiell, 228 Miss. 243, 87 So.2d 699 (1956); Mayfield v. Braund, 217 Miss. 514, 64 So.2d 713 (1953), sugg. err. o'ruled 217 Miss. 514, 65 So.2d 235 (1953). Statutes authorizing adoptions have been in effect in this state for well over a century. Adams v. Adams, 102 Miss. 259, 59 So. 84, Ann.Cas. 1914 D, 235 (1912); Miss. Code Ann. § 93-17-1,  31.
By Legislative enactment, Chapter 323, Laws 1968, Miss. Code Ann. § 93-15-1,  11, this State also authorized proceedings whereby the rights of parents who had either abandoned or proved themselves unfit to have custody of their children, could have all their parental rights terminated.
Natural grandparents have no common-law "right" of visitation with their grandchildren. Such right, if any, must come from a legislative enactment. Olson v. Flinn, 484 So.2d 1015, 1017 (Miss. 1986).
The Hills sought to assert a right of visitation under Miss. Code Ann. § 93-16-3, Chapter 497, Laws 1983.[1]
The 1983 Act, however, only provides for visitation rights when there has been a termination of parent rights under the 1968 Act, not the general adoption statutes, and this is made clear by Chapter 497, Section 1(4), Laws 1983, Miss. Code Ann. § 93-16-7 (Supp. 1985), which provides:
(4) This section shall not apply to the granting of visitation rights to the natural grandparents of any child who has been adopted by order or decree of any court. This section shall apply to persons who become grandparents of a child by virtue of adoption. [Emphasis added]
Miss. Code Ann. § 93-16-3 and Miss. Code Ann. § 93-16-7 were amended by Chapter 421, Laws 1986, effective April 1, 1986, the latter section providing as follows:
Miss. Code Ann. § 93-16-7. Application of Chapter.
This chapter shall not apply to the granting of visitation rights to the natural grandparents of any child who has been adopted by order or decree of any court unless one (1) of the legal parents of such child is also a natural parent of such child. This chapter shall apply to persons who become grandparents by virtue of adoption.
It now appears that the Act envisions granting visitation rights to grandparents following adoption proceedings as well as proceedings limited purely to terminating parental rights, and this Court has so held in Howell v. Rogers, 551 So.2d 904 (Miss. 1989).
Unfortunately for the Hills, they are nevertheless excluded because neither of the "legal," adoptive parents is a natural parent of the child.
There being no statutory right of visitation in the Hills, the summary judgment must be affirmed as to them.
As Justice Prather stated in Olson v. Flinn, supra, 484 So.2d at 1018, a great deal of sympathy must be extended to any grandparents who are prevented from visiting their grandchild, and indeed the child *857 may be the greatest loser. Be that as it may, neither the chancery court nor this Court on our own has the authority to bestow visitation "rights" upon a grandparent.[2]
Because judgment is being affirmed due to lack of standing of the Hills, we ordinarily would have no occasion to address their complaint as to lack of personal jurisdiction to enter the adoption decree. We are concerned, however, that the record in this case as summarized in our factual recitation be unaccompanied by some statement of our concern as to the chancellor's responsibility in adoption proceedings.
The record in this case shows that the mother's consent to adoption and waiver of process was executed the same day of the filing petition for adoption. Miss. Code Ann. § 13-3-71 dealing with waiver of process, and Rule 4 of our Mississippi Rules of Civil Procedure (MRCP) clearly require that the waiver be executed on a day following. The pertinent portion of the statute provides:
However, such written waiver of service or entry of appearance must be executed after the day on which the suit or proceeding was filed... .
The pertinent portion of Rule 4(e) Waiver provides:
However, such written waiver of service or entry of appearance must be executed after the day on which the action was commenced ...
Rule 81(a)(9) MRCP provides that the Rules have limited applicability to adoption proceedings.
It may very well be that the adoption statute itself supersedes the above requirements. Miss. Code Ann. § 93-17-5 dealing with the parties and consent to adoption merely requires that a sworn consent to the adoption be filed at least three days after birth of the child, and in the absence of this consent process must be had upon all interested parties. Miss. Code Ann. § 93-17-5 contains no requirement that the consent be filed the day after the adoption petition is filed. Prudence and careful legal draftsmanship at least suggest, however, that any document headed "waiver" be executed on a date following filing of the petition.
Far more serious is a matter which apparently was not called to the attention of the chancellor at the time of the adoption. In July, 1985, Mrs. Smith had been appointed legal guardian of her daughter, and was in fact her legal guardian when the adoption proceeding was filed and the decree entered. The daughter, a minor herself, and also the grandchild were living in the home of the Smiths. While we do not for a moment intimate that in this case it in fact occurred, such a factual scenario affords too much opportunity for overreaching for comfort. It would have been far more preferable for the court to have appointed a guardian ad litem, some person independent of the Smiths, who could advise the court as to the infant's best interest. By our Constitution and ancient law, a court of equity is the superior guardian for all persons under a disability, and under a duty to make a searching inquiry on matters affecting their welfare. Indeed, long ago in Union Chevrolet Co. v. Arrington, 162 Miss. 816, 138 So. 593 (1932), in a case affecting only a monetary interest of a minor, and in which the technical statutory requirements for settlement of his claim had been followed, Justice Griffith speaking for this Court said this alone was not enough.
These (the code sections dealing with settlement of minors' claims) sections contemplate and require that the chancellor in acting thereunder shall not proceed unless the interests of the infants are actually represented and protected at the hearing. [Emphasis added]
* * * * * *
There was no thought of anything wrong in this case; but when in a matter of this kind ancient and obvious principles are disregarded, the law looks to that disregard and not to the intent.
162 Miss. at 827-828, 138 So. at 595-596. Also, see: Mississippi State Bar Ass'n v. *858 Moyo, 525 So.2d 1289, 1295 (Miss. 1988), "A fundamental purpose and major reason for the existence of a chancery court is to fulfill society's function of protecting children."; Davis v. Davis, 194 Miss. 343, 12 So.2d 435 (1943). How much more important, when not simply some property interest, but the entire future of a child is involved that the chancellor proceed deliberately and only after assuring himself that all facts needed for the child's best interest are brought to his attention. As we stated in Martin v. Putnam, 427 So.2d 1373, 1377 (Miss. 1983), "adoptions are final, hardly subject to review on changed circumstances," and "the best interest of the child is paramount."
Owens, by Mosley v. Huffman, 481 So.2d 231 (Miss. 1985), taught us the misery and wretchedness which can be caused by precipitate or hasty court orders dealing with custody and parental rights of a child, a lesson we should never forget.
Because this Court on appeal, just as the chancellor in a hearing, is the superior guardian for a person under disability, we are constrained to make these observations rather than remain silent, which could convey an impression of tacit approval.
AFFIRMED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
NOTES
[1] Ch. 497, Section 1(1), (2), Laws 1983 provides:

SECTION 1. (1) Any court of this state which is competent to decide child custody matters shall have jurisdiction to grant visitation with a minor child or children to the grandparents of such minor child or children as provided herein.
(2) Whenever a court of this state enters a decree or order terminating the parental rights of one (1) of the parents of a minor child, or whenever one (1) of the parents of a minor child dies, either parent of the child's parent whose parental rights have been terminated or who has died may, but not sooner than one hundred twenty (120) days after entry of such decree or order or after the death of the parent, petition the court in which the decree or order was rendered or, in the case of the death of a parent, petition the chancery court in the county in which the child resides, and seek visitation rights with such child.
[2] This opinion does not address some rare or unusual circumstances when a showing can be made in some proceeding directed solely to determine a child's own best interest that it is harmful to the child to be prevented from seeing his grandparents.