BANKS,
Justice, dissenting:
¶ 22. I cannot agree with the majority’s holding that the maternal grandparents in this action do not have standing to object to the adoption of the minor child. Accordingly, I respectfully dissent.
1123. In my view the majority is correct in finding that this action is distinguished from the facts in both Matter of the Adoption of a Minor, 558 So.2d 854 (Miss.1990), and Muse v. Hutchins, 559 So.2d 1031 (Miss.1990), by the fact that in those cases the adoptions had become final before the objection was filed. The majority goes on to hold that, because the natural parents are consenting parties to the adoption and because the adoption statute does not provide that grandparents are necessary parties to the adoption, the grandparents have no standing to object to the adoption. I disagree.
¶ 24. This is not a situation in which grandparents claim, after the fact, that they should have been notified of a pending adoption; here, the grandparents are asking to be heard during the pendency of the proceeding. The fact that a litigant is not a necessary party to an action does not mean that he does not have standing to enter into the action and be heard. There is nothing in the adoption statute which would prevent these grandparents from entering an objection to the adoption. Miss.Code Ann. § 93-17-1 et seq. Parties may “ ‘sue or intervene when they assert a colorable interest in the subject matter of the litigation or experience an adverse effect from the conduct of the defendant, or as otherwise authorized by law.’ ” Dunn v. Mississippi State Dept. of Health, 708 So.2d 67, 70 (Miss.1998) (quoting Fordice v. Bryan, 651 So.2d 998, 1003 (Miss.1995)). I am of the opinion that grandparents have a sufficient interest in their grandchildren to allow them to be heard in an adoption proceeding. Cf.C.S. v. S.H., 671 So.2d 260, 265 (Fla.Ct.App.1996) (holding that petitioners, relatives of the child, had standing to intervene in an adoption where their interests would be adversely affected by the proceeding). The interest may not be such as to warrant notice, but it is enough to allow them to intervene if they become aware of the proceedings before a final judgment is entered, especially in light of our polestar consideration — the best interest of the child.
*1041 ¶25. While the majority reads Miss. Code Ann. § 93-17-7 (1994) as giving “only parents ... the statutory right to object,” my view of that statute is that a parental objection is the only objection given veto power absent the prescribed findings concerning the objecting parent. I do not read this statute as limiting the right to object to parents but rather one giving much greater power over the proceedings to a parental objector.
¶ 26. This action is also distinguishable from Smith v. Malouf, 722 So.2d 490, 499 (Miss.1998), in which this Court held that grandparents did not have a legally cognizable claim for recovering damages for an unlawful conspiracy to place their son’s unborn child up for adoption. The grandparents in Smith were claiming recovery for a wrong done to their son and the worry which they experienced as a result thereof, a claim which this Court rejected in Downtown Grill, Inc. v. Connell, 721 So.2d 1113, 1121-23 (Miss.1998). Here the maternal grandparents had filed a petition for visitation prior to the commencement of the adoption proceedings. They also ask, in the objection to the adoption, that they be the adopting grandparents.
¶27. The chancellor’s ruling dismissed the objection to the adoption and not, explicitly, the petition for visitation. The majority’s discussion regarding grandparents’ visitation rights may be unnecessary to the disposition of this action. Because there is some doubt, however, as to how the chancellor will treat his order, especially after we have discussed the issue, I write the following in response to the majority’s discussion.
¶ 28. Grandparents’ standing to petition for visitation is governed by Miss.Code Ann. §§ 93-16-3 & -7 (1994). Section 93-16-3 provides in pertinent part:
(1) Whenever a court of this state enters a decree or order awarding custody of a minor child to one (1) of the parents of the child or terminating the parental rights of one (1) of the parents of a minor child, or whenever one (1) of the parents of a minor child dies, either parent of the child’s parents who was not awarded custody or whose parental rights have been terminated or who has died may petition the court in which the decree or order was rendered or, in the case of the death of a parent, petition the chancery court in the county in which the child resides, and seek visitation rights with such child.
(2) Any grandparent who is not authorized to petition for visitation rights pursuant to subsection (1) of this section may petition the chancery court and seek visitation rights with his or her grandchild, and the court may grant visitation rights to the grandparent, provided the court finds:
(a) That the grandparent of the child had established a viable relationship with the child and the parent or custodian of the child unreasonably denied the grandparent visitation rights with the child; and
(b) That visitation rights of the grandparent with the child would be in the best interests of the child.
[[Image here]]
At the very least, the maternal grandparents herein have standing under subsection (2) to petition for visitation and show that a viable relationship exists with the child and that visitation with the maternal grandparents would be in the best interests of the child.
¶ 29. It is only after an adoption becomes final that § 93-16-7 may operate to prevent grandparents from petitioning for visitation as it did in Matter of Adoption of a Minor, 558 So.2d at 855, and in Muse, 559 So.2d at 1033. However, § 93-16-7 is not applicable in this case. Section 93-16-7 provides that:
This chapter shall not apply to the granting of visitation rights to the natural grandparents of any child who has been adopted by order or decree of any court unless: (a) one (1) of the legal parents of such child is also a natural *1042 parent of such child; or (b) one (1) of the legal parents of such child was related to the child by blood or marriage prior to the adoption. This chapter shall apply to persons who become grandparents of a child by virtue of adoption.
(emphasis added). In this case, the paternal grandmother, who would be the legal parent after the adoption, is also related to the child by blood. Even after the adoption is finalized § 93-16-7 would not prevent the grandparents from petitioning for visitation.
¶ 31. For the foregoing reasons, I would reverse the judgment of the chancellor with respect to the issue of standing to contest the adoption, and remand this case for further proceedings.
PITTMAN, P.J., JOINS THIS OPINION.