MOORE, J.,
CONCURRING:
¶ 14. In concurring with the majority’s reversal of the Monroe County Chancery Court, I find it necessary to clarify the restrictions on the ruling in the present case.
¶ 15. In accord with the majority, I agree that the appellants’ assertion that the chancellor erred in failing to appoint a guardian ad litem is without merit. Although the supreme court suggested in In Matter of Adoption of Hill v. Smith, 558 So.2d 854, 857 (Miss.1990), that it would have been “far more preferable” for a guardian ad litem to have been appointed in that case, the court did not find it necessary to reverse on that basis. It would be untenable to reverse the chancellor for failing to appoint a guardian ad litem when applicable case law clearly indicates that the chancellor is not required to do so. The appointment of a guardian ad litem is within the discretion of the chancellor. His refusal to do so in this case is not persuasive per se that the best interest of the child is not being served.
¶ 16. In regard to whether the appellants were necessary parties to the adoption case, it bears emphasizing that this *859 Court recognizes that natural grandparents do not have standing to object to the adoption of a child whose natural parents consent to the adoption. With respect to the majority’s opinion, I am unpersuaded by the suggestion that Mississippi Code Ann. § 93-17-5 (Rev.1994) provides an avenue for requiring the appellants in this case to be joined in the adoption action. The adoption statutes do not dictate that a party who might be granted custody of a child in the future must be joined in an adoption proceeding.
¶ 17. Despite my reluctance to expand the number of potentially necessary parties, I discern that Rule 19(a), M.R.C.P., provides the following requirement:
(a) Persons to Be Joined if Feasible. A person who is subject to the jurisdiction of the court shall be joined as a party in the action if:
[[Image here]]
(2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.
The comment to Rule 19 instructs that no precise formula exists for determining whether a nonparty must be joined, but specific considerations include (1) the interest of the public and the courts in “complete, consistent, and efficient settlement of controversies” while avoiding multiple litigation and (2) protecting absent persons from any potential prejudicial effect on their interests. The comment further advises, “By its very nature Rule 19(a) calls for determinations that are heavily influenced by the facts and circumstances of individual cases.” M.R.C.P. 19 cmt.
¶ 18. The petition for adoption of the child was filed and the adoption was granted on Friday, February 21, 1997, although the chancellor knew that the appellants’ custody case regarding the same child was scheduled to be heard before him on the following Monday, February 24, 1997. Although the adoption decree could have been interlocutory, the chancellor chose to make the decree final, precluding the presentation of other evidence to determine the best interest of the child. Thus, the claims made by the appellants in then-custody complaint were not adjudicated and their interest in the custody of this child was extinguished.
¶ 19. The facts and circumstances of this case impose the inclusion of the appellants to completely and thoroughly determine the best interest of the child and to protect the appellants’ interest in the custody of the child. The lower court should be reversed on the narrow issue that the appellants were necessary parties to the adoption as required by Rule 19(a), M.R.C.P.
KING P.J., JOINS THIS OPINION.