980 So.2d 319 (2008)
Lanedra Tushone Boyd SOLOMON and Tim Solomon, Appellants
v.
Barbara Ann ROBERTSON, Appellee.
No. 2007-CA-00169-COA.
Court of Appeals of Mississippi.
April 15, 2008.
*320 Garland D. Upton, attorney for appellants.
John Gordon Roach, McComb, attorney for appellee.
Before LEE, P.J., BARNES and ISHEE, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. Lanedra Tushone Boyd and Joseph Boyd (Boyd) were divorced on July 7, 2001. Ultimately, the mother was awarded primary physical custody of the couple's only child, Ashley, who was five years old at the time. Lanedra subsequently married Tim Solomon and became Lanedra Tushone Boyd Solomon (Solomon). On June 30, 2006, Barbara Ann Robertson, the paternal grandmother of Ashley, filed a petition in the Marion County Chancery Court seeking visitation rights. After a hearing on the matter, the chancellor granted Robertson visitation rights and ordered Solomon to pay Robertson $750 plus court costs. The chancellor denied Solomon's motion for attorney's fees. Solomon *321 now appeals, asserting the following issues: (1) the chancellor erred in granting grandparent visitation rights to Robertson; (2) the chancellor erred in failing to award attorney's fees to Solomon; and (3) the chancellor erred in denying Solomon's motion to dismiss her husband, Tim, as a defendant.

STANDARD OF REVIEW
¶ 2. Absent an abuse of discretion, this Court will not reverse the decision of the chancellor. Martin v. Coop, 693 So.2d 912, 914 (Miss.1997). "This Court will not disturb the factual findings of the chancellor unless said factual findings are manifestly wrong or clearly erroneous." Id. (citing McAdory v. McAdory, 608 So.2d 695, 699 (Miss.1992)).

DISCUSSION
I. DID THE CHANCELLOR ERR IN GRANTING THE GRANDPARENT'S VISITATION?
¶ 3. It is well settled that "natural grandparents have no common-law `right' to visitation with their grandchildren. Such right, if any, must come from a legislative enactment." In re Adoption of Minor, 558 So.2d 854, 856 (Miss.1990) (citing Olson v. Flinn, 484 So.2d 1015, 1017 (Miss.1986)). In 1983, the Mississippi Legislature enacted the grandparents' visitation rights statutes, codified at Mississippi Code Annotated sections 93-16-1 to 93-16-7 (Rev.2004). These statutes outline how a grandparent may seek the opportunity to secure visitation with a grandchild. According to section 93-16-3(1), "either parent of the child's parents who was not awarded custody . . . may petition the court . . . and seek visitation rights with such child."
¶ 4. Although a grandparent has standing to petition for visitation, a natural grandparent's statutory right to visit her grandchild is not as comprehensive as a parent's visitation rights. Settle v. Galloway, 682 So.2d 1032, 1035 (Miss.1996). As always, the best interests of the child are the paramount consideration when determining visitation. Morgan v. West, 812 So.2d 987, 992(¶ 13) (Miss.2002). In Martin, 693 So.2d at 916, the Mississippi Supreme Court listed ten factors which should be considered in determining grandparent visitation. The factors are as follows:
1. The amount of disruption that extensive visitation will have on the child's life. This includes disruption of school activities, summer activities, as well as any disruption that might take place between the natural parent and the child as a result of the child being away from home for extensive lengths of time. 2. The suitability of the grandparents' home with respect to the amount of supervision received by the child. 3. The age of the child. 4. The age, and physical and mental health of the grandparents. 5. The emotional ties between the grandparents and the grandchild. 6. The moral fitness of the grandparents. 7. The distance of the grandparents' home from the child's home. 8. Any undermining of the parent's general discipline of the child. 9. Employment of the grandparents and the responsibilities associated with that employment. 10. The willingness of the grandparents to accept that the rearing of the child is the responsibility of the parent, and that the parent's manner of child rearing is not to be interfered with by the grandparents.
Id. The Martin court acknowledged that this list was not all-inclusive, stating that the chancellor should weigh "all circumstances and factors he feels to be appropriate." Id.
*322 ¶ 5. Solomon's argument on this issue mainly concerns her frustration with Boyd and his failure to comply with certain obligations as agreed to at the time of divorce. We fail to see how this applies to whether the chancellor erred in granting visitation rights to Robertson.
¶ 6. In her other argument on this issue, Solomon simply states that there was no viable relationship between Robertson and Ashley for six months prior to the filing of the petition. Solomon is correct that, in certain instances, the grandparent seeking visitation rights must have established a viable relationship with the grandchild. See Miss.Code Ann. § 93-16-3(2)(a) (Rev. 2004). The Legislature has defined a "viable relationship" as one in which the grandparent has financially supported the child in some capacity for no less than six months or the grandparent has had frequent visitation, including overnight visitation, with the child for no less than one year. Miss.Code Ann. § 93-16-3(3) (Rev. 2004). However, a chancellor needs only address section 93-16-3(2) and (3) if section 93-16-3(1) does not apply. As mentioned above, Robertson's situation is addressed by section 93-16-3(1) because Boyd, her son, was not awarded custody. Solomon's argument in this instance is without merit.
¶ 7. During the hearing on the matter, the chancellor addressed the factors enumerated in Martin and determined that it was in the best interest of Ashley to have visitation with Robertson. Upon review of the record, we find no error committed by the chancellor in granting grandparent visitation rights to Robertson under section 93-16-3(1). This issue is without merit.
II. DID THE CHANCELLOR ERR IN DENYING SOLOMON ATTORNEY'S FEES?
¶ 8. In her second issue on appeal, Solomon argues that the chancellor erred in denying her request for attorney's fees. Prior to the hearing, Solomon filed a motion seeking reasonable attorney's fees stating that she was unemployed and the proceedings had imposed a financial hardship upon her. Solomon argues that, under Mississippi Code Annotated section 93-16-3(4) (Rev.2004), she is entitled to attorney's fees. Section 93-16-3(4) states, in relevant part:
Any petition for visitation rights under subsection (2) of this section shall be filed in the county where an order of custody as to such child has previously been entered. . . . The court shall on motion of the parent or parents direct the grandparents to pay reasonable attorney's fees to the parent or parents in advance and prior to any hearing, except in cases in which the court finds that no financial hardship will be imposed upon the parents. The court may also direct the grandparents to pay reasonable attorney's fees to the parent or parents of the child and court costs regardless of the outcome of the petition.
An award of attorney's fees in a domestic case is largely a matter entrusted to the sound discretion of the chancellor. Poole v. Poole, 701 So.2d 813, 819(¶ 26) (Miss. 1997). Unless the chancellor is manifestly wrong or has abused his discretion, his decision regarding attorney's fees will not be disturbed on appeal. Zeman v. Stanford, 789 So.2d 798, 806(¶ 30) (Miss.2001). Although Solomon did file a motion prior to trial asking for attorney's fees, she offered no proof, either in the motion or during trial, tending to show any financial hardship. Solomon merely stated that she was unemployed but, according to her present husband's testimony at the hearing, she had been a stay-at-home mom for the majority of their marriage. Absent any proof of financial hardship, we can find no error in the chancellor's decision to *323 deny Solomon attorney's fees. This issue is without merit.
III. DID THE CHANCELLOR ERR IN DENYING SOLOMON'S MOTION TO DISMISS HER PRESENT HUSBAND, TIM, AS A DEFENDANT?
¶ 9. In her final issue on appeal, Solomon argues that the chancellor erred in denying her motion to dismiss her present husband, Tim, as a defendant in Robertson's petition for visitation rights. We see no error in allowing Tim to remain a defendant in the case. Solomon states that Tim should not be held responsible for whether Robertson was allowed to visit Ashley. However, Tim himself testified that he helped his wife oppose Robertson's visitation, as well as actively participating in any other custody-related matters. Tim also stated that he had a close relationship with Ashley. This issue is without merit.
¶ 10. THE JUDGMENT OF THE MARION COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, CONCUR. CARLTON, J., NOT PARTICIPATING.