SULLIVAN, Presiding Justice,
for the Court:

STATEMENT OF THE CASE AND THE FACTS

¶ 1. Appellants C.L.M. and J.B.M. are the natural maternal grandparents of the minor child J.J.G. Appellees D.J.G. and A.L.G. are the natural parents of the minor child. D.G.B. is the natural paternal grandmother of the minor child.
¶2. On August 4, 1997, the paternal grandmother D.G.B. filed a Petition for Adoption in the Chancery Court of Marion County, Mississippi, asking the court to award physical custody of the minor child to her. D.J.G. and A.L.G., the child’s natural parents, joined in the petition and consented to the adoption.
¶ 3. On August 7, 1997, the maternal grandparents C.L.M and J.B.M. filed an Objection to Adoption of the minor child claiming (1) the adoption is merely an attempt to defeat their May 28,1997 petition for the award of grandparents’ visitation, and (2) the minor child’s mother D.J.G. is not fully informed as to the consequences of the adoption.
¶ 4. On November 6, 1997, the paternal grandmother D.G.B. filed a Motion to Dismiss Objection and Visitation Claims. In said motion it was clarified that (1) D.G.B. had been granted joint physical custody of the minor child, along with the natural parents, D.J.G. and A.L.G., on March 14, 1997, and (2) C.L.M. and J.B.M. had been granted interim visitation with the minor child as of August 6, 1997. In this motion, the paternal grandmother D.G.B. and the natural parents, D.J.G. and A.L.G., argued the child’s maternal grandparents C.L.M. and J.B.M. lack standing to petition the court for visitation rights. The lower court agreed, and on November 17,1997, a Judgment Granting Petitioner’s Motion to Dismiss Respondents’ Objection was entered finding C.L.M. and J.B.M. had no standing to enter this matter and granting C.L.M. and J.B.M. the right to this interlocutory appeal.
*1038 ¶ 5. The issue now before the Court is whether the natural grandparents of a minor child have standing to object to the adoption of that child.

LEGAL ANALYSIS

¶ 6. The best interest of the child is a polestar consideration in the granting of any adoption. Muse v. Hutchins, 559 So.2d 1031, 1035 (Miss.1990). Appellants C.L.M. and J.B.M. argue it would be in the best interest of the minor child to liberally construe the rules of standing in this case. Appellants assert that as natural grandparents they have an interest in the welfare of the minor child. Appellants further assert they have received interim visitation with the child pursuant to a previous court order and they have a vested interest in protecting these visitation rights.
¶ 7. Appellants C.L.M. and J.B.M. attempt to distinguish the case at hand from Olson v. Flinn, 484 So.2d 1015 (Miss.1986) (holding that an adoption by a step parent after the death of one of the natural parents operated to terminate visitation rights of the natural grandparents except as to the natural parent who is the spouse of the adopting parent). Appellants argue that in Olson the natural grandparent had petitioned for, but had not yet been granted, court-ordered visitation rights and consequently was not entitled to notice of the subsequent adoption of her grandchildren. Appellants contend that in the instant case they had not only petitioned the court for visitation but they had been granted interim visitation. Appellants further claim that if they were entitled to notice of the adoption, they should be entitled to object to the adoption.
¶ 8. Appellees D.J.G. and A.L.G. argue that while the facts of Olson are not analogous to those here, Olson lends support to their argument that this Court should strictly follow statutory law with regard to adoption and grandparents’ visitation rights. Appellees urge this Court to strictly follow statutory law in the case sub judice even though doing so will mean natural grandparents lack standing to object to the adoption of their grandchildren).
¶ 9. The question presented to the Court in Olson was “Does the adoption of a child terminate the grandparents’ legal rights to visitation under § 93-16-3?” Olson, 484 So.2d at 1017. In Olson, the Court affirmed the termination of the natural grandparents’ rights to visitation. We recognized the harshness of our ruling and encouraged visitation on a voluntary basis but held that “under the statutes in question an adoption by a step parent after the death of one of the natural parents terminates visitation rights of those natural grandparents, except as to the natural parent who is the spouse of the adopting parent.” Id. at 1018.
¶ 10. The question presented in Olson was again considered by this Court in Howell v. Rogers, 551 So.2d 904 (Miss.1989). In Howell, we noted that in response to Olson, the Legislature amended § 93-16-3, and consequently, we held that an adoption by a step parent after the termination of parental rights of one of the natural parents does not terminate the visitation rights of the natural grandparents. Howell, 551 So.2d at 905-06.
¶ 11. Appellees contend that while Howell does not deal with the issue presently before the Court, the case does indicate this Court’s position that adoption and visitation are two separate and independent actions. While this Court does recognize that adoption is separate and independent from grandparents’ visitation rights, we also recognize that grandparents’ visitation rights may be affected, even terminated, by adoption.
¶ 12. Appellants analogize the instant case to Matter of the Adoption of a Minor, 558 So.2d 854 (Miss.1990) (holding paternal grandparents had no standing to challenge the adoption of the minor child where termination of parental rights was not made due to parents’ abandonment or unfitness *1039 to have custody of the child and where neither of the legal adoptive parents was a natural parent of the child). In Matter of the Adoption of a Minor, the natural paternal grandparents filed a petition to set aside the decree of adoption and sought visitation rights with the minor grandchild. 558 So.2d at 855. In that case, we stated it would have been far more preferable for the court to have appointed a guardian ad litem to advise the court as to the granddaughter’s best interest where the daughter, also a minor, and the granddaughter were living in the grandparent’s home. Id. at 857. We noted that such a factual scenario affords too much opportunity for overreaching. Id.
¶ 18. Appellants assert that D.J.G., mother of the minor child and daughter of the Appellants, is residing on property owned or controlled by D.G.B., the paternal grandmother who filed the petition for adoption. Appellants suggest that because D.J.G. resides on property owned or controlled by D.G.B., the facts in this case likewise afford too much opportunity for overreaching. We disagree.
¶ 14. In Matter of the Adoption of a Minor, the adopting grandmother had previously been appointed guardian over the natural mother and had, in fact, been legal guardian of the natural mother when the adoption proceeding was filed and the decree entered. It was in this factual circumstance that the Court stated a guardian ad litem should have been appointed. Furthermore, in Matter of the Adoption of a Minor, we upheld the dismissal of the grandmother’s claim for visitation rights and refused to set aside the adoption despite our concerns.
¶ 15. Also, in Matter of the Adoption of a Minor, the Court found that the Grandparents’ Visitation Statute does not grant natural grandparents a statutory right to visit an adopted child where neither of the legal (i.e., adoptive) parents was a natural parent of the child. In other words, we concluded that the natural grandparents lacked standing to seek visitation with the minor child because they had no statutory right to such visitation and we upheld the adoption.
¶ 16. However, we did express concern over the adoption proceeding stating “a great deal of sympathy must be extended to any grandparents who are prevented from visiting their grandchild, and indeed the child may be the greatest loser.” Id. at 856-57 (quoting Olson v. Flinn, 484 So.2d at 1018). “Be that as it may, neither the chancery court nor this Court on our own has the authority to bestow visitation ‘rights’ upon a grandparent.” Id. at 857.
¶ 17. Appellees ask this Court to also consider Muse v. Hutchins, 559 So.2d 1031 (Miss.1990) (holding that maternal grandparent’s visitation rights were terminated by paternal grandparent’s adoption of the minor child following the death of the child’s mother). In Muse, unlike in the instant case, the paternal grandparent’s adoption of the minor child had already been finalized. The Court reasoned that because the adoptive parent (the paternal grandparent) was not a natural parent of the minor children and the adoption terminated the rights of the natural parents, the Grandparents’ Visitation Rights Act, Miss. Code Ann. §§ 98-16-1 to -7 (1994), did not apply. Muse, 559 So.2d at 1033-34. The Court concluded that “[wjhatever rights to visitation [appellant maternal grandmother] may have acquired under the Grandparents Visitation Rights Act were terminated by the decree of adoption.” Id. at 1034.
¶ 18. The case sub judice provides the Court with the opportunity to determine whether natural grandparents have a statutory right to object to the adoption of their natural grandchildren). It should be noted that the facts of the instant case differ from those previously considered by this Court in Matter of the Adoption of a Minor and Muse because in both of those cases the adoption had already been finalized. However, both of these cases recognize that grandparents’ visitation rights *1040 may be terminated as a consequence of an adoption proceeding.
¶ 19. In' the case sub judice, both of the natural parents are adults, and both consented to the adoption of the minor child. The law presumes natural parents will love their children most and will act in accordance with their children’s best interests. See Miss.Code Ann. § 93-13-1 (1994) (it is in the best interest of children that they be placed in the custody of their natural parents absent some clear showing to the contrary). Accordingly, the law governing adoption proceedings places natural parents in a position superior to other third parties, even blood relatives. See Miss. Code Ann. § 93-17-7 (1994) (only parents have a statutory right to object to the adoption of a minor child). See also Miss. Code Ann. § 93-17-5 (1994) (natural parents are necessary parties to an adoption proceeding but natural grandparents or other relatives are not). In the case sub judice, the natural parents agreed the best interests of their child would be served by placing their child in the custody of his or her paternal grandmother.
¶ 20. Finding no statutory authority granting Appellants standing to object to the adoption of the minor child, we affirm the judgment of the lower court.
¶ 21. AFFIRMED.
PRATHER, C.J., McRAE, SMITH AND WALLER, JJ„ CONCUR.
BANKS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY PITTMAN, P.J.
MILLS, J., NOT PARTICIPATING.