BRIDGES, J.,
for the Court:
¶ 1. This is an appeal from a judgment of adoption entered in the Chancery Court of Monroe County, Mississippi. The chancellor permitted the child’s great-aunt to adopt the child after the natural father surrendered his parental rights. The maternal grandparents have now perfected this appeal in which they (1) argue the necessity of appointing a guardian ad li-tem, (2) allege that the chancery court neglected the best interests of the child, (3) contend that the chancellor erred as a matter of law by not complying with the statute, and (4) argue that they had standing to object to the failure to appoint a guardian ad litem and other defects in the adoption. After careful consideration of the issues raised, we reverse and remand for further action consistent with this opinion.
FACTS
¶ 2. On March 24, 1995, a male child, D.T.H., was born to an unmarried couple. On July 4, 1995, the child’s natural mother was killed in an automobile collision, and the maternal grandmother, D.R., was appointed full guardian and took physical custody of the child. The child’s natural father, M.H., later obtained physical custody of the child by writ of habeas corpus. The natural father’s uncle, J.H. (who is now deceased), and his aunt by marriage, P.H., helped M.H. care for the five-month-old child. The maternal grandparents, S.R. and D.R., secured visitation rights with the child, and on August 23, 1996, they filed a petition for primary custody of the child. On February 5, 1997, the natural father executed a surrender of parental rights in favor of his aunt, P.H. On February 21, 1997, P.H. filed a complaint for adoption, and on the same day, the chancellor granted her a final decree of adoption. The final adoption order was filed on February 24, 1997, and it reserved the maternal grandmother the right to petition for visitation with the child. As stated previously, the maternal grandparents had already begun custody proceedings, and after the adoption was made final, the natural father filed a motion to dismiss stating that he had surrendered his rights and the adoption terminated his rights. The chancellor then allowed the maternal grandparents to amend their complaint to add P.H. as a party defendant in their custody action. The maternal grandparents also submitted a petition for grandparents visitation and filed a petition to set aside the decree of adoption. A hearing on visitation was held on March 7, 1997, and the chancellor granted the maternal grandparents the same visitation rights that they had possessed since November 1995. Then on March 28, 1997, a hearing *855 was held on all other motions pending on the custody case and on the adoption case. The chancellor stayed the natural father’s motion to dismiss, continued the maternal grandparents’ petition to set aside the adoption decree, and set another hearing for June 1997. At the hearing on June 3, 1997, the chancellor denied the maternal grandparents’ petition to set aside the adoption decree. Feeling aggrieved, the maternal grandparents have now perfected this appeal.
ARGUMENT AND DISCUSSION OF LAW
I. THE CHANCERY COURT ERRED BY NOT APPOINTING A GUARDIAN AD LITEM FOR THE INFANT.
II. THE CHANCERY COURT NEGLECTED THE BEST INTEREST OF THE CHILD BY NOT APPOINTING A GUARDIAN AD LITEM AND BY RECEIVING NO OTHER EVIDENCE BUT THAT CONTAINED IN THE PLEADINGS.
¶ 3. Since these issues both deal with the appointment of a guardian ad litem, we will discuss them together.
¶ 4. The Mississippi Supreme Court has held that “[t]he best interest of the child is a polestar consideration in the granting of any adoption.” C.L.M. and J.B.M. v. D.J.G. and A.L.G., 736 So.2d 1037 (¶ 6)(Miss.1999)(citing Muse v. Hutchins, 559 So.2d 1031, 1035 (Miss.1990)). The maternal grandparents argue that it would be in the best interest of the child to appoint a guardian ad litem to represent the child. The appellants allege that the child’s father was less than fit having several DUI charges, driving with his son in a vehicle while his license was suspended, using illegal drugs, and living on his aunt’s land without being charged rent. The appellants therefore argue that the natural father’s consent did not represent the best interests of this toddler because he was beholden to his aunt and her purse.
¶ 5. In Mississippi, adoption proceedings are purely statutory. In Matter of Adoption of Hill v. Smith, 558 So.2d 854, 855 (Miss.1990). Under Miss.Code Ann. § 93-15-107 (Rev.1994), “[a] guardian ad litem shall be appointed to protect the interest of the child in the termination of parental rights.” However, in this case, the natural father surrendered his parental rights and consented to the adoption by separate instrument filed pursuant to Miss.Code Ann. § 93-17-5 (Rev.1994). The appellants cite Hill stating that a guardian ad litem should be appointed because, as in Hill, the situation presented in this case afforded too much opportunity for overreaching. Hill, 558 So.2d at 857. The supreme court addressed the issue of guardian ad litem stating, “[i]t would have been far more preferable for the court to have appointed a guardian ad litem ... who could advise the court as to the infant’s best interest.” Id. Although the supreme court notes that a guardian ad li-tem may be preferable in a situation that affords an opportunity for overreaching, they do not require the chancellor to appoint one. Id. The supreme court in Hill goes on to say that the chancellor must make sure that “all the facts needed for the child’s best interest are brought to his attention.” Id. The chancellor must always consider the child’s best interest, but he is not required to appoint a guardian ad litem.
¶ 6. On appeal, this Court must review the chancellor’s findings of fact under the “manifest error/substantial credible evidence test.” S.N.C. and J.H.C. v. J.R.D., Jr., No. 97-CA-01131-COA (¶ 6), — So.2d-, 1999 WL 58977 (Miss.Feb. 9, 1999)(citing Vance v. Lincoln Cty. Dept. of Public Welfare, 582 So.2d 414, 417 (Miss. 1991)). In the case sub judice, after considering all evidence, the chancellor determined that the adoption by P.H. was in the best interest of the child. However, as in Hill, the facts in this case present a situation that affords an opportunity for overreaching. Hill, 558 So.2d at 857. At the *856 time of the adoption, the child was living in the home of the aunt, and the natural father was living rent free on his aunt’s land. As the supreme court stated in Hill, it may be preferable in this type of situation that a guardian ad litem be appointed to make sure the best interest of the child is taken into consideration. Id. However, Mississippi law does not require the chancellor to appoint a guardian ad litem. Therefore, we find this issue to be without merit.
III. THE CHANCELLOR ERRED AS A MATTER OF LAW BY DECREEING ADOPTION IN SPITE OF SEVERAL POINTS OP NON-COMPLIANCE WITH THE STATUTE AND DECISIONS OF THIS COURT.
¶ 7. The appellants argue that the chancery court failed to comply with the requirements of the adoption code by accepting a copy of a birth certificate, accepting a copy of a physician’s letter that had an incorrect facsimile number, and by allowing the natural father to waive process or notice before the adoption complaint was filed. The appellants contend that these requirements are “jurisdictional prerequisites” and the chancellor should not have granted the adoption until these defects were cured.
¶ 8. The appellants cite Hill stating that the chancellor should not have accepted the natural father’s waiver of process because it was executed prior to the adoption complaint. Hill, 558 So.2d at 857. In Hill, the Mississippi Supreme Court, stated that “Miss.Code Ann. § 93-17-5 contains no requirement that the consent be filed the day after the adoption petition is filed. Prudence and careful legal draftsmanship at least suggest; however, that any document headed ‘waiver’ be executed on a date following filing of the petition.” Id. Hill clearly holds that the consent to the adoption does not have to be a day after, however, the waiver of process should be executed on a date following the filing of the petition. Therefore, on remand, the waiver of process should be executed on a day after the filing of the petition in accordance with M.R.C.P. 4(e).
¶ 9. The appellants also argue that the chancery court erred by accepting a copy of the birth certificate and a copy of a physician’s letter. The adoption statute reads as follows:
Any person may be adopted in accordance with the provisions of this chapter in term time or in vacation by an unmarried adult or by a married person whose spouse joins in the petition, provided that the petitioner or petitioners shall have resided in this state for ninety (90) days preceding the filing of the petition. However, if (a) the petitioner or petitioners, or one (1) of them, be related to the child within the third degree according to civil law, or if (b) the adoption is presented to the court by an adoption agency licensed by the State of Mississippi, said residence restriction shall not apply. Such adoption shall be by sworn petition filed in the chancery court of the county in which the adopting petitioner or petitioners reside or in which the child to be adopted resides or was born, or was found when it was abandoned or deserted, or in which the home is located to which the child shall have been surrendered by a person authorized to do so. The petition shall be accompanied by a doctor’s .certificate showing the physical and mental condition of the child to be adopted and a sworn statement of all property, if any owned by the child. Should the doctor’s certificate indicate any abnormal mental or physical condition or defect, such condition or defect shall not in the discretion of the chancellor bar the adoption of the child if the adopting parent or parents shall file an affidavit stating full and complete knowledge of such condition or defect and stating a desire to adopt the child, notwithstanding such condition or defect.
Miss.Code Ann. § 93-17-3 (Rev.l994)(em-phasis added). Under the mandatory language of the statute, the petition must be *857 accompanied by a doctor’s certifícate and must also contain a sworn statement of all property. In this case, there is a letter signed by the doctor, but it is not a certificate as specified in the statute and does not contain the statutory wording as required for such doctor’s certificate. Likewise, there is no sworn statement of all property. The complaint for adoption does contain a statement that says the child has no estate. However, this does not comply with the language of the statute. Additionally, under Miss.Code Ann. § 93-17-5, had the natural father not filed a separate surrender and consent to the adoption, it would have been necessary for the natural father to be made a party defendant to the action or for him to join the petition as a petitioner. Therefore, on remand, the petition for adoption should be accompanied by a doctor’s certificate satisfying the requirements of the statute, and a sworn statement of all property that complies with the mandatory language of the statute. Miss.Code Ann. § 93-17-3 (Rev.1994).
IV. THE MATERNAL GRANDPARENTS HAD STANDING TO OBJECT TO FAILURE TO APPOINT A GUARDIAN AD LITEM AND OTHER DEFECTS IN THE ADOPTION.
¶ 10. The maternal grandparents argue that they should have been joined as parties in the adoption proceedings because they possessed court ordered visitation rights, and the adoption could deprive them of their liberty interest without due process. The Mississippi Supreme Court has just recently addressed the issue of “whether the natural grandparents of a minor child have standing to object to the adoption of that child.” C.L.M. and J.B.M. v. D.J.G. and A.L.G., 736 So.2d 1037 (¶ 5) (Miss.1999). In this case, the paternal grandmother filed a petition of adoption, and the court awarded her physical custody. Id. at 1038 (¶ 2). The child’s natural parents consented to the adoption, but the maternal grandparents, who had been granted interim visitation, objected. Id. at 1038 (¶ 3). The supreme court held that the maternal grandparents did not have standing to object to the adoption of the child. Id. at 1040 (¶ 20). The Mississippi Supreme Court stated:
In the case sub judice, both of the natural parents are adults, and both consented to the adoption of the minor child. The law presumes that natural parents will love their children most and will act in accordance with their children’s best interests. See Miss.Code Ann. § 93-13-1 (1994) (it is in the best interest of children that they be placed in the custody of their natural parents absent some clear showing to the contrary). Accordingly, the law governing adoption proceedings places natural parents in a position superior to other third parties, even blood relatives. See Miss.Code Ann. § 93-17-7 (1994) (only parents have a statutory right to object to the adoption of a minor child). See also Miss.Code Ann. § 93-17-5 (1994) (natural parents are necessary parties to an adoption proceeding but natural grandparents or other relatives are not). In the case sub judice, the natural parents agreed the best interest of their child would be served by placing their child in the custody of his or her paternal grandmother.
Id. at 1040 (¶ 19). v
¶ 11. In the case sub judice, the appellants argue that they should have been joined as parties, and as the Mississippi Supreme Court held in C.L.M. and J.B.M., natural grandparents are not necessary parties to an adoption proceeding. Id. However, in this case, the maternal grandparents had filed a suit for determination of custody. Under M.R.C.P. 19(a)(2), a person shall be joined as a party
if he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a sub *858 stantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.
If the maternal grandparents had been awarded physical custody in their pending custody hearing, they would have been entitled to notice of the adoption. Miss. Code Ann. § 93-17-5(l)(Rev.l994). Accordingly, we find that the appellants should have been joined as parties in the adoption action. It was certainly feasible under the terms of Rule 19 to have done so, and failing to join them caused the precise harm that Rule 19 is intended to avoid. As the comment to the rule provides, disposing of the case in the grandparents’ absence may prejudice either those already before the court or the absentee himself. M.R.C.P. 19 cmt. The rights the grandparents were seeking in separate and earlier filed litigation in the same court before the same chancellor were not just prejudiced but were effectively terminated.
CONCLUSION
¶ 12. Although it is in the discretion of the chancellor to appoint a guardian ad litem and he is not required to appoint one, in this situation we feel that the best interest of the child would be best served by the appointment of a guardian ad litem. Further, the adoption statute specifies that a doctor’s certificate and a sworn statement of all property must accompany the petition for the adoption. In this case, the parties have not complied with the statute, and on remand the petition should be amended to comply with the adoption statute. Lastly, although the grandparents are not necessary parties to the adoption proceeding, because of the grandparent’s pending custody suit, they were persons who should have been joined in the suit. Also, the natural father is a necessary party, and therefore he should be included as a party to the adoption proceedings, or joined in the petition for adoption, or he should execute a surrender and consent. Accordingly, we reverse this case and remand for proceedings consistent with this opinion.
¶ 13. THE JUDGMENT OF THE CHANCERY COURT OF MONROE COUNTY IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS ARE ASSESSED AGAINST THE APPELLEE
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., DIAZ, LEE, PAYNE, AND THOMAS, JJ., CONCUR.
MOORE, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY KING, J.
IRVING, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION.